**COALITION ON SENSIBLE TRANSPORTATION INC., et al., Plaintiffs,**

v.

**Elizabeth DOLE, United States Secretary of Transportation, et al., Defendants.**

**Civ. A. No. 85–2759.**

United States District Court, District of Columbia.

Jan. 30, 1987.

⚖686

Brian P. Leitch and Bruce Cormier, Washington, D.C., for plaintiffs.

Rebecca Ross, Asst. U.S. Atty., Washington, D.C., for Federal defendants.

David E. Beller, Asst. Atty. Gen., and Louisa Goldstein, Asst. Atty. Gen., State of Md., Baltimore, Md., for State defendants.

## MEMORANDUM–ORDER

GASCH, District Judge.

This matter came on for hearing on plaintiffs' motion for stay pending appeal. The Court was advised by counsel that, although counsel had moved in the Court of Appeals that the case be briefed and argued during the latter three months of 1986 in order to minimize the harm to the respective parties and to avoid duplicative proceedings in the Court of Appeals which would occur if the parties were first to argue for a stay and then to argue the merits of the appeal, nevertheless, the Court of Appeals had denied the motion and scheduled oral argument for March 24, 1987. It further appears from the representations of counsel that on January 10, 1987, the prime contract, involving in excess of $33 million, was signed. The contract contemplated that notice to proceed would be given within forty-five days. Failure to give this notice within that specified period, it was argued, would jeopardize the validity of the contract. Counsel for the Coalition emphasized that serious legal questions, as reflected in his briefs, were involved and that irreparable damage would result if the project were started prior to the decision of the Court of Appeals. Counsel for the United States and for the State of Maryland argued that increased costs would inevitably result from further delay in commencing the work, which could be started as soon as notice was given. Defendants' response to the arguments made in plaintiffs' briefs was contained in a memorandum filed by counsel. In oral argument, counsel emphasized the importance of improving the I–270 highway as soon as possible for the benefit of the thousands of people making daily use of this facility. Counsel also pointed out that these delays in commencing the project would require a reopening of the bids and inevitably increase the ultimate cost of the project.

The arguments of counsel which previously have been addressed by the Court in the findings contained in its memorandum opinion dated July 24, 1986, 642 F.Supp. 573, will not be repeated here other than to say that the Court is of the view that these considerations are controlling: that the possibility of ultimate success on the merits has not been demonstrated by the plaintiffs, that irreparable injury has not been demonstrated, the balance of convenience favors the many thousands of users of this highway rather than those who object to the project, and the public interest favors the completion of the project as soon as possible.

Since plaintiffs have the opportunity of seeking a stay in the Court of Appeals, this Court will, however, grant plaintiffs' request for a stay for ten days from February 2 until February 12, 1987, to afford plaintiffs the opportunity of obtaining a

stay in that Court. In all other respects, plaintiffs' motion is denied.

Accordingly, based on the entire record, it is by the Court this 30th day of January, 1987,

ORDERED that plaintiffs' motion for stay pending appeal is granted to and including February 12, 1987; and it is further

ORDERED that in all other respects, plaintiffs' motion for stay pending appeal is denied.